UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BRENDA MULHOLLAND, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV1329(JCH) |
| | ) | |
| MASTERCARD WORLDWIDE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment, filed September 2, 2014. (ECF No. 16). The Motion has been fully briefed and is ready for disposition.

## **BACKGROUND**

Plaintiff Brenda Mulholland ("Mulholland") initiated this action by filing suit on July 11, 2013. (Complaint, ECF No.1). Mulholland was employed by Defendant MasterCard but ended that employment on November 22, 2006 "because of symptoms associated with chronic vestibulopathy including dizziness, imbalance, difficulty concentrating, and the inability to focus in a normal way." (Defendant Statement of Uncontroverted Material Facts, "DSUF," ECF No. 17, ¶ 13).[1] MasterCard maintained through Defendant Hartford a Long-Term Disability ("LTD") plan (the "Hartford Policy"), which is governed by the Employee Retirement Income Security Act ("ERISA"). (DSUF ¶ 2; Complaint ¶¶ 11-14; Amd. Answer, ECF No. 15, ¶¶ 11-14). Hartford, which both evaluated claims and paid benefits under the Hartford Policy, (Defendant

---

[1] Mulholland has failed specifically to controvert the facts set out in Defendants' Statement of Uncontroverted Material Facts. These facts are therefore deemed admitted under E.D. Mo. L.R. 401(E), and the Court relies exclusively on the Defendants' statement of facts. Regardless, there are no different facts set forth in Mulholland's own statement of facts that would affect the outcome.

1

Support Memo, ECF No. 18, at 13), approved Mulholland's "application for short-term disability ("STD") benefits" on November 27, 2006. (DSUF ¶ 14). Hartford then informed Mulholland on February 1, 2007 that she would need to submit additional forms to be approved for LTD benefits. *Id.* ¶ 16. Mulholland did so, and "Hartford approved [Mulholland's] application for LTD benefits effective February 20, 2007." *Id.* ¶¶ 17, 18.

After approving those benefits, "Hartford periodically reviewed [Mulholland's] claim while continuing to pay her LTD benefits . . . ." *Id.* ¶ 19. As part of these later reviews, "Hartford periodically requested additional information from [Mulholland] and her treating physicians to support [her] claim of disability, including requests on September 18, October 10, 2007, and a final request for information on November 1, 2007." *Id.* ¶ 23. Hartford received information and records from Mulholland in November and December 2007. *Id.* ¶ 27. It analyzed those records and sought more information from Mulholland's treating physicians during January and February 2008. *Id.* ¶¶ 27, 33. Around January 16, 2008, Hartford determined there was no medical evidence to support Mulholland's claim for disability based on physical limitations. *Id.* ¶ 28. On February 12, 2008, it determined "that the current medical information did not support functional limitations due to a mental nervous condition." *Id.* ¶ 34. Hartford determined Mulholland had no physical or mental limitations and it therefore "issued a letter on February 13, 2007 [*sic*][2] that terminated [Mulholland's] LTD benefits as of January 19, 2008 . . . ." *Id.* ¶ 35.

"On April 29, 2008, [Mulholland] appealed Hartford's initial decision terminating her LTD benefits and provided additional medical records in support of her claim." *Id.* ¶ 36. On August 19, 2008, after reviewing all of the available information, "Hartford concluded that its

---

[2] This seems to be a typographical error. The date should read "February 13, 2008" rather than "2007." (*See* DSUF ¶¶ 33-35).

prior decision denying [Mulholland's] LTD benefits effective January 18, 2008 under the Policy was proper." *Id.* ¶ 44.

In her Complaint, Mulholland claims that Hartford wrongfully terminated her LTD benefits primarily because it based the termination on an inadequate review of the available information. (Complaint ¶¶ 22-26). In this Motion, Defendants seek summary judgment in their favor on all of Mulholland's claims based in part on the contention that Mulholland's claims are time barred. (Defendant Motion, ECF No. 16, ¶ 9).

## SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law determines "which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Id.*

## DISCUSSION

Defendants contend, *inter alia*, that summary judgment is appropriate because the three-year limitations period established by the Hartford Policy had expired at the time Mulholland filed her Complaint. (Defendant Support Memo at 8-9 (citing *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604 (2013)). Mulholland responds that in Missouri, actions for review of ERISA benefits denials are "governed by Missouri's ten-year contract statute of limitations for 'An action upon any writing, whether sealed or unsealed, for the payment of money or property.'" (Mulholland Response, ECF No. 34, at 9 (quoting *Johnson v. State Mut.*

*Life Assurance Co. of Am.*, 942 F.2d 1260 (8th Cir. 1991) (*en banc*) (citing Mo. Rev. Stat. § 516.110(1))).

The section of ERISA relevant here, 29 U.S.C. § 1132(a)(1)(B), does not establish a limitations period. One way parties to an ERISA plan can fill this void is by agreeing to a contractual limitations period. The Supreme Court approved this method in *Heimeshoff*, where it held that "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period . . . as long as the period is reasonable." *Heimeshoff*, 134 S. Ct. at 610. Such a contractual limitations period "ordinarily should be enforced as written . . . ." *Id.* at 611-12. The limitations period approved and applied by the *Heimeshoff* court stated: "Legal action cannot be taken against [the plan administrator] . . . [more than] 3 years after the time written proof of loss is required to be furnished according to the terms of the policy." *Id.* at 609 (second and third alterations in original) (internal quotation marks omitted).

The Hartford Policy contains a contractual limitations provision. It states: "'[n]o legal action of any kind may be filed against [Hartford]: . . . 2) more than three years after proof of Disability must be filed, unless the law in the state where [Plaintiff] live[s] allows a longer period of time.'" (DSUF ¶ 9 (alterations in original) (quoting Hartford Policy, ECF No. 23, at 91)). In accordance with *Heimeshoff*, the Court must apply this limitations period if it is reasonable and there is no controlling statute to the contrary.

The provision in the Hartford Policy is nearly identical to the one approved in *Heimeshoff* and must be considered reasonable. Moreover, Mulholland has not pointed to a controlling statute that should apply over the contractual limitations period.[3] As noted above, Mulholland

---

[3] The lack of a controlling contrary statute is also relevant to the qualification created by the language of the limitations provision in the Hartford Policy, which would require application of a different limitations period if "the law in the state where [Plaintiff] live[s] allows a longer period of time." (DSUF ¶ 9 (alterations in original) (quoting Hartford Policy, ECF No. 23, at 91)).

contends that Mo. Rev. Stat. § 516.110(1) should be applied. (Mulholland Response at 9). That statute sets a ten-year limitations period for "[a]n action upon any writing whether sealed or unsealed, for the payment of money or property . . . ." Mo. Rev. Stat. § 516.110(1). *Heimeshoff*, however, makes clear that parties may contract around general statutes of limitations. *Id.* at 611 (noting the adopted rule "recognizes . . . that other statutes of limitations provide only a default rule that permits parties to choose a shorter limitations period"). A statute of limitations is a "controlling statute to the contrary" under *Heimeshoff* only if it specifically targets the type of action at issue. *See id.* (citing *Louisiana & W. R. Co. v. Gardiner*, 273 U.S. 280, 284 (1927)). Section 516.110(1) is not such a statute. It does nothing more than establish a general limitations period for actions involving written monetary promises.[4] This is precisely the type of statutory limitations period parties may alter through agreement under *Heimeshoff*. The Court must therefore apply the Hartford Policy's limitations period according to its terms. Thus, Mulholland's Complaint is time barred if it was filed more than three years after proof of disability must have been filed.

The parties have suggested three different trigger dates under this standard. Defendants propose first that the limitations period began to run on November 21, 2007, which is the date Hartford provided to Mulholland as the date on which her proof of disability was due. (Defendant Support Memo at 9). In the alternative, Defendants suggest the limitations period began to run on February 13, 2008, which was the final date Hartford considered the evidence on which it based its termination decision. *Id.* Mulholland contends the limitations period began to run on August 19, 2008, the date Hartford made its decision on Mulholland's appeal. (Mulholland Response at 9).

---

[4] Mulholland is correct that § 516.110(1) has been applied in the ERISA context. *Johnson*, 942 F.2d 1260. But the *Johnson* court applied the statute in the absence of a contractual limitations period. Nothing in *Johnson* suggests that § 516.100(1) could be applied over such a provision.

There is no need to decide which of these dates is the trigger date under the Hartford Policy's limitations period. Mulholland filed her Complaint on July 11, 2013. Even if the limitations period began to run on August 19, 2008, the latest date suggested by either party, it would have expired on August 19, 2011. The July 11, 2013 filing occurred nearly two years after that date. Under any of the dates suggested by the parties, therefore, Mulholland's Complaint is time barred under the Hartford Policy's applicable three-year limitations period.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 16), is **GRANTED**, and Plaintiff Brenda Mulholland's Complaint is **DISMISSED WITH PREJUDICE**. A separate judgment will accompany this Memorandum and Order.

Dated this 9th day of December, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE